**Richard REDLAND, Jr. and Dorothy Redland, husband and wife, Appellants (Plaintiffs below),**

v.

**Frank THARP, Appellee (Defendant below).**

**No. 4011.**

Supreme Court of Wyoming.

July 19, 1972.

Christian S. Hinckley, of McKinney, Hinckley & Hinckley, Basin, for appellants.

James A. Zaring, of Zaring & Gish, Basin, James H. Sperry, Worland, for appellee.

Before McINTYRE, C. J., and PARKER and McEWAN, JJ.

Mr. Justice McEWAN delivered the opinion of the court.

This was an action commenced on March 12, 1970, by the plaintiffs-appellants for damages to their land allegedly caused by seepage from the defendant-appellee's irrigation works. The parties are adjacent landowners. The plaintiffs' complaint contained six counts, five of which were dismissed by the trial court on the ground that they were barred by the statute of limitations. Upon the remaining count of negligent construction and maintenance of a drainage ditch, the trial court found for defendant. From the action of the trial

court the plaintiffs appealed and argued that the finding of no negligence was not supported by substantial evidence, and the causes of action were not barred by the statute of limitations.

Plaintiffs and defendant are adjoining landowners in Big Horn County, Wyoming. Plaintiffs purchased their lands in 1959, and have used the lands for farming and ranching operations since that time. The parties' lands adjoin the Nowood River from which the defendant, in 1959, constructed an irrigation ditch. The defendant pumps water from the river up to his irrigation ditch, which ditch is some 40 to 60 feet higher in elevation than either plaintiffs' or defendant's lands to the north and east. Plaintiffs contended that defendant was negligent in constructing the irrigation ditch through porous soil and that such negligence resulted in defendant's irrigation water forcing its way under enormous pressure in the form of underground springs through plaintiffs' land to the north. Plaintiffs further contended that because of inadequate engineering and maintenance of the waste ditch by the defendant, water accumulated upon lands of plaintiffs.

Defendant argued that the irrigation ditch was properly constructed in relatively impervious soil and he was not negligent in its construction. As to the waste ditch, the defendant contended that any flooding or damage to plaintiffs' lands was caused by improper practices by plaintiffs in plugging a pipe drain on their lands, and by a dam created by a canal crossing a general natural drainway.

At the request of defendant's counsel, and with the consent of plaintiffs' counsel, the court viewed the premises in the company of counsel for both parties.

### Statute of Limitations

The parties all assumed the applicable statute of limitations is § 1–18, W.S.1957, which provides that an action must be brought within four years after the action accrues. The only question then is

when did the said four years commence to run?

The trial court, after the presentation of plaintiffs' case, granted defendant's motion to dismiss four of plaintiffs' counts for the reason that the actions were not commenced within four years. At the close of the trial the court found that the statute of limitations barred the plaintiffs from maintaining an action on another count.

This action was commenced on March 12, 1970. Both parties argued that the four-year period commenced when the plaintiffs knew or had reason to know of the complained-of injury and cited Banner v. Town of Dayton, Wyo., 474 P.2d 300. The main thrust of plaintiffs' argument is that the statute does not begin to run until such time as there is both actual or perceptible injury and the cause thereof is reasonably ascertainable. In support of this argument plaintiffs contended they did not suspect what was causing the problem until 1967.

In granting the defendant's motion at the close of plaintiffs' case the trial court found the statute began to run in 1959 and the plaintiffs were therefor barred from maintaining the action. We must then examine the record to determine if there was sufficient evidence to support the trial court's finding. Plaintiffs, in arguing this point, cited only testimony and evidence favorable to plaintiffs, and ignored the testimony favorable to the prevailing party, the defendant. We have, of course, long adhered to the universal rule that on appeal we will consider only the evidence favorable to the prevailing party and give to it every favorable inference to determine if there was sufficient creditable evidence to support the decision of the trial court. X v. Y, Wyo., 482 P.2d 688, 690. Here there was testimony that the plaintiff, Richard Redland, Jr., knew of the alleged damage to the lands as early as 1959, and other testimony that he knew of the condition in 1963 or 1964. Plaintiffs' witness, DeVere

Hinckley, whom the court permitted to testify as an expert, went to the plaintiffs' property in 1959 or 1960 at plaintiffs' request. At that time the witness was one of Wyoming's four water division superintendents and a member of the State Board of Control which has the constitutional mandate of supervising the waters of the State and of their appropriation, distribution, and diversion. Upon inspecting the property Mr. Hinckley was of the opinion that the particular problem was caused by a drainage or waste ditch and he so advised Mr. Redland. There is, accordingly, sufficient evidence to sustain the trial court's finding that the statute of limitations had run.

The trial court found in its memorandum opinion that as to Count No. 1 relating to the alleged underground seepage from the irrigation ditch, the statute began to run as early as 1959 or as late as 1964 when the area of plaintiffs' land became so boggy that farm machinery, vehicles, and equipment became stuck. Again, there was sufficient evidence to support the trial court's holding.

No argument is made that plaintiffs may have a new action each irrigation season for the abatement of a nuisance, and no determination is made as to that point.

### Negligent Construction and Maintenance of the Drainage Ditch

As to the count concerning negligent construction and maintenance of the drain ditch, the trial court found no creditable evidence that the ditch was negligently constructed or maintained. One of plaintiffs' witnesses, Kenneth Bower, who at that time was the water division superintendent, testified that in that capacity he went to the Redland place in 1969. He stated upon cross-examination that in his opinion the waste ditch did not contribute in any way to bogging of plaintiffs' lands. There was testimony from other witnesses as to the construction and maintenance of the waste ditch from which the trial court could have concluded that the waste ditch was not improperly constructed and was not negligently maintained.

■ It should also be noted that the trial court viewed the lands in question, and, under the circumstances, we must give special weight to its findings. Masek v. Ostlund, Wyo., 358 P.2d 100, 103.

■ A careful review of the record indicates the trial court would have been justified in finding that plaintiffs failed in their burden of showing that defendant had negligently constructed or maintained the irrigation ditch or the waste ditch, or that either of said ditches was the cause of plaintiffs' problem. Had the trial court accepted plaintiffs' theory on the statute of limitations it could nonetheless have found for the defendant on the failure of plaintiffs' proof on the negligence question.

■ Plaintiffs further urged that we overrule our previous pronouncements and adopt a rule of strict liability as to the construction and maintenance of an irrigation or drain ditch. We are not persuaded that we should change the rule, i. e., that one who maintains a ditch for conveying water must answer for his negligent acts but there is no substantial reason for holding him accountable as an insurer, as reaffirmed in Jacoby v. Town of City of Gillette, 62 Wyo. 487, 174 P. 2d 505, 512, 177 P.2d 204.

Affirmed.

Mr. Justice GUTHRIE took no part in the consideration or decision of the case.